NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. HEERSEMA,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTINENTAL CREDIT CONTROL, INC.,<br><br>    Defendant. | Case No. 5:18-cv-02508<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes WILLIAM M. HEERSEMA ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of CONTINENTAL CREDIT CONTROL, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1367, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a 59 year-old consumer residing in Riverside County, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant boats that it "uses cutting-edge technologies to efficiently locate and assess the consumer's ability to pay to produce results 50%-60% above the national average for our clients."[1] Defendant is a corporation organized under the laws of the State of California with its principal place of business at 22 North Milpas Street, Suite C, Santa Barbara, California 93103. Defendant regularly collects upon consumers located in the State of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Several years ago, Plaintiff received medical services from Desert Advanced Imaging ("Desert").

---

[1] http://www.contcred.com/index.php/pages/about-us

10. Upon information and belief, the costs of the medical services performed by Desert were covered by Plaintiff's insurance.

11. RadNet acquired or became the parent company of Desert after Plaintiff received the medical services referenced in paragraph 9.

12. In 2018, Plaintiff accessed his consumer report as he intended to apply for additional lines of credit.

13. Upon accessing his consumer report, Plaintiff discovered that Defendant was reporting on unpaid medical bills purportedly owed to Desert ("subject debt").

14. Plaintiff was taken aback by Defendant's reporting on his consumer report, as the subject debt was covered by his insurance.

15. As a result of this false reporting, Plaintiff's ability to obtain additional lines of credit was greatly hindered.

16. Plaintiff promptly contacted RadNet, Desert's successor, to inquire about the subject debt.

17. RadNet informed Plaintiff there were no outstanding medical bills under his account.

18. Upon information and belief, RadNet has reached out to Defendant on several occasions to notify it that Plaintiff does not owe the subject debt and to stop reporting it on his consumer report.

19. Thereafter, around early November of 2018, Plaintiff contacted Defendant to inform it that he does not owe the subject debt, and that RadNet confirmed that he does not owe the subject debt.

20. However, Defendant held that it would continue its collection campaign to collect upon the subject debt from Plaintiff.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding his rights.

22. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

3

23. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 2011.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §1692e, e(2) and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant began its collection efforts by reporting the subject

---

[2] https://www.acainternational.org/search#memberdirectory

debt on Plaintiff's consumer report. Upon discovering Defendant's reporting of the subject debt, Plaintiff contacted RadNet to inquire about the subject debt. RadNet then informed Plaintiff that he does not owe the subject debt and that there was no outstanding balance under Plaintiff's account. Thereafter, Plaintiff contacted Defendant to state that he does not owe the subject debt, which was confirmed by RadNet. Furthermore, RadNet even contacted Defendant on several occasions asking it to remove the subject debt from Plaintiff's consumer report. However, Defendant did not stop its collection efforts and proclaimed that it would continue to seek payment from Plaintiff. Defendant's statement demonstrates its willingness to collect from innocent consumers, as it misleadingly attempted to collect from Plaintiff upon a debt that he does not owe.

### b. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to assert that it could collect upon the subject debt, which Plaintiff does not owe. Plaintiff was unfairly led to believe that Defendant could collect upon a debt that he does not owe. Defendant's actions only served to confuse and worry Plaintiff.

WHEREFORE, Plaintiff, WILLIAM M. HEERSEMA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

36. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

37. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.17**

38. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

39. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant engaged in a deceptive and unconscionable campaign to collect on the subject consumer when it misleadingly represented that it could collect any amount from Plaintiff for a debt that he does not owe. On at least one occasion, Defendant falsely represented that Plaintiff owed the subject debt, even though Plaintiff's insurance covered all of his medical expenses, and Plaintiff even notified Defendant that he did not owe the subject debt. Moreover, RadNet contacted Defendant on more than one occasion to inform Defendant that Plaintiff does not owe the subject debt. Consequently, Defendant misrepresented the character, extent, or amount of the subject debt through its deceptive campaign to extract payment from Plaintiff when he had no obligation to pay.

40. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, WILLIAM M. HEERSEMA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: November 29, 2018      Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com